IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EDWARD HANSON, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: |
| | * 5:20-CV-00104 |
| GEORGIA DREAMWORKS REALTY, LLC, | * |
| Defendant. | * |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW Georgia Dreamworks Realty, LLC, defendant in the above-styled action, and hereby presents this brief in support of its motion to dismiss.

**STATEMENT OF FACTS**

Plaintiff filed this action against defendant, alleging copyright infringement pursuant to 17 U.S.C. § 101, et. seq. (Plaintiff's Complaint, ¶ 2). Defendant denies the material allegations against it concerning alleged copyright infringement.

Plaintiff correctly alleges that defendant is a limited liability company organized under Georgia law with its principal place of business located at 1247 Golden Isles West, Baxley, Georgia 31513 (Plaintiff's Complaint, ¶ 6). The civil cover sheet filed with the complaint correctly notes that Baxley, Georgia is located in Appling County, Georgia. Plaintiff further alleges that defendant used photographs allegedly registered with the United States Copyright Office of a home located at 84 Beecher Road, Hazlehurst, Georgia 31539. Hazlehurt, Georgia is

located in Jeff Davis County, Georgia.

Richard Liebowitz, an attorney in Valley Stream, New York, filed the complaint in this action. Based upon information and belief, Richard Liebowitz is not a member of the Georgia Bar. Furthermore, based upon information and belief, Richard Liebowitz is not admitted to practice in the United State District Court for the Middle District of Georgia. Finally, no local counsel signed the complaint, and plaintiff's counsel has not filed a petition to be admitted to practice in the United States District Court for the Middle District of Georgia pro hac vice.

**ARGUMENT AND CITATION OF AUTHORITY**

**1. This Court lacks in personam jurisdiction over defendant.**

Fed. R. Civ. P. 12(b)(2) provides that a defendant may move to dismiss a complaint if the Court in which plaintiff filed the complaint lacks personal jurisdiction over defendant. In order to invoke the jurisdiction of the Federal Courts, plaintiff must conform to the statutory requirements establishing such jurisdiction. Brown v. Pyle, 310 F.2d 95 (former 5th Cir. 1962). Jurisdiction is not to be confused with venue. Id. However, if a statutory rule, such as a venue statute, is not followed, the action may not be maintained against an objecting defendant, regardless of the fact that the Court may have jurisdiction over the subject matter. Id.

Plaintiff contends that venue is proper in the Middle District of Georgia pursuant 28 U.S.C. § 1391(b). This code

section provides as follows:

> "A civil action may be brought in - -
>
> (1) A judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action as situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such action."

In the case at hand, defendant is a limited liability company with its principal place of business located in Appling County, Georgia. Appling County is not located in the Middle District of Georgia. Instead, Appling County is located in the Southern District of Georgia, Brunswick Division. The photographs allegedly subject to a copyright were of a home located in Jeff Davis County, Georgia. Jeff Davis County, Georgia is not located within the Middle District of Georgia; instead, Jeff Davis County, Georgia is also located in the Southern District of Georgia, Brunswick Division. The defendant does not reside within the Middle District of Georgia, and likewise the events giving rise to this claim did not occur in Middle District of Georgia, and the property subject to this claim is not located in the Middle District of Georgia. Consequently, plaintiff has not complied with a statutory rule [venue statute] which is a prerequisite to this Court's

jurisdiction over defendant. As a result, this Court lacks in personam jurisdiction over this defendant.

### 2. The venue of this action is improper.

Fed. R. Civ. P. 12(b)(3) provides that a defendant may move to dismiss a complaint if the venue is improper. Dismissal is an appropriate sanction for improper venue. <u>Atlantic Marine Construction Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas</u>, 134 S.Ct. 568, 577 (2013). As noted in Section 1 of this brief, the venue of this action is improper because: (1) defendant's principal place of business is located in Appling County, Georgia [Southern District of Georgia], and (2) the alleged transaction and occurrence referenced in the complaint occurred in either Jeff Davis County, Georgia or Appling County, Georgia [Southern District of Georgia]; therefore, venue is improper in the Middle District of Georgia. As a result, the venue of this action is improper.

### 3. Process is insufficient.

Fed. R. Civ. P. 12(b)(4) provides that a defendant may move to dismiss a complaint if process is insufficient. Process must consist of (1) a summons and (2) a copy of the complaint. <u>Taylor v. Bailey</u>, 2006 WL 3191185 (N.D. Ga. 2006). Fed. R. Civ. P. 11(a) requires that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . ."

Local Rule 83.1.1 of the Middle District of Georgia

provides, in pertinent part, as follows:

> "83.1.1     **ADMISSIONS**
>
> **A.   ROLL OF ATTORNEYS.**
>
> The bar of this Court shall consist of those persons heretofore admitted to practice in this Court and those who may hereafter be admitted in accordance with this rule.
>
> **B.   ELIGIBILITY.**
>
> To be eligible to practice in this Court, an attorney must have been admitted to practice in the trial courts of the State of Georgia and be an active member in good standing of the State Bar of Georgia. Only attorneys who are admitted to practice in this Court, or who have otherwise obtained permission under Rule 83.1.2c, may appear as counsel."

Local Rule of the Middle District of Georgia 83.1.2c governs pro hac vice admissions. Counsel for plaintiff has not applied for a pro hac vice admission, and likewise, no local counsel, who is properly admitted to practice in the Middle District of Georgia, has signed the complaint.

There is no question that process is deficient in this action, as no attorney who is qualified to practice in the Middle District of Georgia signed the complaint. However, dismissal based upon a technical error in process is generally not warranted, unless the moving party shows some form of prejudice. <u>Sanderford v. Prudential Ins. Co. of America</u>, 902 F.2d 897, 900-901 (11th Cir. 1990). In the case at hand, defendant can demonstrate prejudice resulting from the insufficient process. As noted in Sections 1 and 2 of this brief, the complaint on its

face shows that this Court lacks in personam jurisdiction over the defendant and also demonstrates that venue is improper, as the allegations in the complaint establish that the Court in which jurisdiction and venue would be proper would be the United States District Court for the Southern District of Georgia, Brunswick Division. This blatant mistake makes it evident that had plaintiff retained a member of the Georgia Bar to file this lawsuit, the attorney would most likely have filed the complaint in the correct Court. Plaintiff's retaining of an attorney from New York who is not authorized to practice in this Court has led to the present situation, which required defendant to file a motion to dismiss which it would not have had to file if plaintiff had simply filed this action in the correct court. Consequently, defendant has established prejudice resulting from the insufficiency of process. As a result, process in insufficient in this action.

### 4. **Plaintiff's complaint fails to state a claim upon which relief can be granted**.

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a complaint if the complaint fails to state a claim against the defendant upon which relief can be granted. As noted in Section 3 of this brief, Local Rule 83.1.1 B requires an attorney either to be a member in good standing of the State Bar in Georgia or to qualify for pro hac vice admission to be eligible to practice in this Court. In Georgia practice, a complaint which is not signed by an attorney in good standing

with the State Bar of Georgia is voidable. <u>McCormick v. Acree</u>, 232 Ga. App. 834, 835 (1998). Because the complaint is voidable, it cannot state a claim against defendant upon which relief can be granted.

## CONCLUSION

Based upon the foregoing, defendant respectfully requests this Court to grant its motion to dismiss plaintiff's complaint.

This 10th day of April, 2020.

**YOUNG, THAGARD, HOFFMAN, LLP**

Address of Counsel:

BY: <u>/s/ J. Holder Smith, Jr.</u>

P. O. Box 3007
Valdosta, GA  31604
(229) 242-2520 Telephone
(229) 242-5040 Facsimile
Email: jaysmith@youngthagard.com

J. Holder Smith, Jr.
State Bar No. 661105
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** upon the following using the CM/ECF system which will send notification of such filing to the following:

>Richard P. Liebowitz
>Liebowitz Law Firm, PLLC
>11 Sunrise Plaza, Suite 305
>Valley Stream, NY 11580
>Email: RL@LiebowitzLawFirm.com

This 10th day of April, 2020.

BY: /s/J. Holder Smith, Jr.
J. Holder Smith, Jr.
Attorney for Defendant